IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KATHY BRADLEY, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | |
| vs. | ) | No.  3:10-cv-00433-DRH-CJP |
| | ) | |
| L'ORÉAL USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**COMPLAINT**

_____

Relator Kathy Bradley ("Relator"), by and through the undersigned attorneys, for her Complaint against Defendant L'Oreal USA, Inc. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2. As set forth in detail below, Defendant has violated 35 U.S.C. §292(a) by falsely marking articles with expired patents for the purpose of deceiving its competitors and the public into believing that such articles are covered by the falsely marked patents.

3. Relator seeks an award of monetary damages against Defendant, one-half of which shall be paid to the United States, the other half of which shall be paid to Relator pursuant to 35 U.S.C. §292(b).

**THE PARTIES**

4. Relator Kathy Bradley is a natural person and citizen and resident of the Southern District of Illinois.

5. Defendant L'Oreal USA, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 575 Fifth Avenue, New York, New York, 10017.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

7. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendant has conducted and continues to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District. Upon information and belief, such sales are substantial, continuous, and systematic.

8. Relator has standing to bring this action under 35 U.S.C.§292(b), which provides that "any person" may sue for civil monetary penalties for false patenting.

## BACKGROUND

9. The false patent marking statute, 35 U.S.C. § 292, exists to insure that the public has accurate information on the existence of patent rights. As summarized by the Federal Circuit, the patent marking statute exists to: 1) help avoid innocent infringement of patent articles; 2) encourage patent holders to give notice to the public that an article is patented; and 3) aid the public in identifying whether an article is patented. *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998).

10. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not protected by such expired patent.

11. Falsely marking an article with an expired patent harms the public interest in numerous ways, including:

    a. Stifling competition in the marketplace and deterring innovation;

    b. Deterring scientific research when an inventor sees a marked article and foregoes continued research to avoid potential infringement;

    c. Unnecessary increasing costs to competitors who must invest in efforts to "design around" a patent, or investigate and analyze the validity or enforceability of a patent;

    d. Deterring competitors from entering the market with competing articles;

    e. Permitting the patentee to impermissibly extend the term of its monopoly; and,

    f. Confusing and misleading the public, as the expiration date of a U. S. Patent is not easily ascertainable by the public at the time of purchase.  Moreover, while basic information about a patent may be available to the public via the website of the U. S. Patent and Trademark Office, a member of the public must conduct a thorough and complicated analysis to determine whether a patent is expired.

### THE EXPIRED PATENTS

12. U.S. Patent No. 4,871,536 ("the '536 Patent"), entitled COMPOSITION BASED ON CATIONIC POLYMERS, ANIONIC POLYMERS AND WAXES FOR USE IN COSMETICS, was filed on July 28, 1988, and issued on October 3, 1989.  A true and correct copy of the '536 Patent is attached as Exhibit 1 to this Complaint.

13. The '536 Patent expired no later than October 3, 2006.

14. U.S. Patent No. 4,877,662 ("the '662 Patent"), entitled VESSEL COMPRISING RESIN COMPOSITION, was filed on September 22, 1986, and issued on October 31, 1989.  A true and correct copy of the '662 Patent is attached as Exhibit 2 to this Complaint.

15. The '662 Patent expired no later than October 31, 2006.

16. U.S. Patent No. 4,993,440 ("the '440 Patent"), entitled BRUSH FOR THE APPLICATION OF COSMETIC PRODUCTS, MASCARA IN PARTICULAR, was filed on July 27, 1989, and issued on February 19, 1991.  A true and correct copy of the '620 Patent is attached as Exhibit 3 to this Complaint.

17. The '440 Patent expired no later than February 19, 2008.

18. U.S. Patent No. 4,898,193 ("the '193 Patent"), entitled BRUSH FOR THE APPLICATION OF COSMETIC PRODUCTS, was filed on October 20, 1987, and issued on February 6, 1990.  A true and correct copy of the '193 Patent is attached as Exhibit 4 to this Complaint.

19. The '193 Patent expired no later than October 20, 2007.

20. U.S. Patent No. 4,887,622 ("the '622 Patent"), entitled BRUSH FOR THE APPLICATION OF MASCARA TO THE EYELASHES, was filed on November 30, 1987, and issued on December 19, 1989.  A true and correct copy of the '622 Patent is attached as Exhibit 5 to this Complaint.

21. The '622 Patent expired no later than November 30, 2007.

## GENERAL ALLEGATIONS

22. Relator realleges and incorporates herein by reference the allegations stated in Paragraphs 1 - 21 of this Complaint.

23. Upon information and belief, Defendant makes, sells, or has made and has sold, a variety of products for sale to distributors, retailers, and the general consuming public.

24. Upon information and belief, Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and litigation of patents in the United States.

25. Upon information and belief, because of the nature of its business, Defendant actively seeks and maintains a number of patents.

26. Defendant claims to own, or have licenses under, a substantial number of patents and patent applications.

27. Upon information and belief, Defendant has an in-house legal department which is responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

28. Upon information and belief, as a sophisticated business entity, Defendant knows or reasonably should have known of the requirements and provisions of 35 U.S.C. §292.

29. Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, articles with at least one expired patent and even marks their products with multiple expired patents.

**COUNT I – False Marking of the '536, '622, '193 & '440 Patents**

30. Specifically, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following product with the '536, the '622, the '193 and the '440 Patents:

      a.      The "Turbo Volum'Express" (color #251 – Very Black) washable mascara, marketed under the trade name of MAYBELLINE®, New York.  A photo of said product is attached hereto as Exhibit 6 to this Complaint.

31.      The instances of false marking shown in Exhibit 6 are representative and not exhaustive of all the uses of the Patents and have been (and continue to be) placed on a variety of similar mascara products.

32.      Defendant knows, or reasonably should have known, that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

33.      Upon information and belief, Defendant knew, or reasonably should have known, that the articles it marked and continues to mark with the '536, the '622, the '193 and the '440 Patents are not covered by the expired patents marked on its product because expired patents have no monopoly rights.

34.      Upon information and belief, Defendant has marked and continues to mark its products with the '536, the '622, the '193 and the '440 Patents for the purpose of deceiving the public into believing that its products are covered by the '536, the '622, the '193 and the '440 Patents.  Upon information and belief, Defendant intentionally included the '536, the '622, the '193 and the '440 Patents on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

35.      Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

36.      By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

**37.** Thus, by marking and continuing to mark articles with the '536, the '622, the '193 and the '440 Patents without a reasonable belief that such articles were covered by the patents, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### COUNT II – False Marking of the '536 Patent

**38.** Specifically, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following product with the '536 Patent:

    a. The "Turbo Volum'Express"® (color #251 – Very Black) washable mascara, marketed under the trade name of MAYBELLINE®, New York. A photo of said product is attached hereto as Exhibit 6 to this Complaint.

    b. L'ORÉAL® DOUBLEEXTEND® Lash Fortifier & Extender Mascara (color #510 – Blackest Black). A photo of said product is attached hereto as Exhibit 7 to this Complaint.

**39.** The instances of false marking shown in Exhibits 6 and 7 are representative and not exhaustive of all the uses of the Patent and have been (and continue to be) placed on a variety of similar mascara products.

**40.** Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

41. Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '536 Patent are not covered by the expired patent marked on its product because expired patents have no monopoly rights.

42. Upon information and belief, Defendant has marked and continues to mark its products with the '536 Patent for the purpose of deceiving the public into believing that its products are covered by the '536 Patent.

43. Upon information and belief, Defendant intentionally included the '536 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

44. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

45. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

46. Thus, by marking and continuing to mark articles with the '536 Patent without a reasonable belief that such articles were covered by the patents, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT III – False Marking of the '662 Patent

47. Specifically, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following product with the '662 Patent:

    a.      The "Turbo Volum'Express"® (color #251 – Very Black) washable mascara, marketed under the trade name of MAYBELLINE®, New York.  A photo of said product is attached hereto as Exhibit 6 to this Complaint.

    b.      The "Classic Volum'Express"™ (color #221 – Very Black) curved brush washable mascara marketed under the trade name of MAYBELLINE®, New York.   A photo of said product is attached hereto as Exhibit 8 to this Complaint.

48.     The instances of false marking shown in Exhibits 6 and 8 are representative and not exhaustive of all the uses of the Patent and have been (and continue to be) placed on a variety of similar mascara products.

49.     Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

50.     Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '662 Patent are not covered by the expired patent marked on its product because expired patents have no monopoly rights.

51.     Upon information and belief, Defendant has marked and continues to mark its products with the '662 Patent for the purpose of deceiving the public into believing that its products are covered by the '662 Patent.

52. Upon information and belief, Defendant intentionally included the '662 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

53. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

54. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

55. Thus, by marking and continuing to mark articles with the '662 Patent without a reasonable belief that such articles were covered by the patents, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### COUNT IV – False Marking of the '440 Patent

56. Specifically, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following product with the '440 Patent:

    a. The "Turbo Volum'Express"® (color #251 – Very Black) washable mascara, marketed under the trade name of MAYBELLINE®, New York. A photo of said product is attached hereto as Exhibit 6 to this Complaint.

    b. The "Classic Volum'Express"™ (color #221 – Very Black) curved brush washable mascara marketed under the trade name of

MAYBELLINE®, New York. A photo of said product is attached hereto as Exhibit 8 to this Complaint.

57. The instances of false marking shown in Exhibits 6 and 8 are representative and not exhaustive of all the uses of the Patent and have been (and continue to be) placed on a variety of similar mascara products.

58. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

59. Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '440 Patent are not covered by the expired patent marked on its product because expired patents have no monopoly rights.

60. Upon information and belief, Defendant has marked and continues to mark its products with the '440 Patent for the purpose of deceiving the public into believing that its products are covered by the '440 Patent.

61. Upon information and belief, Defendant intentionally included the '440 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

62. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

63. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

64. Thus, by marking and continuing to mark articles with the '440 Patent without a reasonable belief that such articles were covered by the patents, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### COUNT V – False Marking of the '193 Patent

65. Specifically, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following product with the '193 Patent:

   a. The "Turbo Volum'Express"® (color #251 – Very Black) washable mascara, marketed under the trade name of MAYBELLINE®, New York. A photo of said product is attached hereto as Exhibit 6 to this Complaint.

   b. The "Classic Volum'Express"™ (color #221 – Very Black) curved brush washable mascara marketed under the trade name of MAYBELLINE®, New York. A photo of said product is attached hereto as Exhibit 8 to this Complaint.

66. The instances of false marking shown in Exhibits 6 and 8 are representative and not exhaustive of all the uses of the Patent and have been (and continue to be) placed on a variety of similar mascara products.

67. Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

68. Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '193 Patent are not covered by the expired patent marked on its product because expired patents have no monopoly rights.

69. Upon information and belief, Defendant has marked and continues to mark its products with the '193 Patent for the purpose of deceiving the public into believing that its products are covered by the '193 Patent.

70. Upon information and belief, Defendant intentionally included the '193 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

71. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

72. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

73. Thus, by marking and continuing to mark articles with the '193 Patent without a reasonable belief that such articles were covered by the patents, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

**COUNT VI – False Marking of the '622 Patent**

74. Specifically, Defendant has in the past marked or caused to be marked, and continues to mark or causes to be marked, at least the following product with the '622 Patent:

    a.    L'ORÉAL® DOUBLEEXTEND® Lash Fortifier & Extender Mascara (color #510 – Blackest Black).  A photo of said product is attached hereto as Exhibit 7 to this Complaint.

    b.    The "Classic Volum'Express"™ (color #221 – Very Black) curved brush washable mascara marketed under the trade name of MAYBELLINE®, New York.  A photo of said product is attached hereto as Exhibit 8 to this Complaint.

    c.    "Full 'N Soft" (color #301 – Very Black) washable mascara marketed under the trade name of MAYBELLINE®, New York.  A photo of said product is attached hereto as Exhibit 9 to this Complaint.

75.    The instances of false marking shown in Exhibits 7, 8 and 9 are representative and not exhaustive of all the uses of the Patent and have been (and continue to be) placed on a variety of similar mascara products.

76.    Defendant knows or reasonably should have known that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

77.    Upon information and belief, Defendant knew or reasonably should have known that the articles it marked and continues to mark with the '622 Patent are not covered by the expired patent marked on its product because expired patents have no monopoly rights.

78.    Upon information and belief, Defendant has marked and continues to mark its products with the '622 Patent for the purpose of deceiving the public into believing that its products are covered by the '622 Patent.

79. Upon information and belief, Defendant intentionally included the '622 Patent on its products in an attempt to prevent competitors from making and selling the same or similar or competing products.

80. Each false marking on Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

81. By falsely marking its products with patents that have expired, Defendant has benefitted commercially and financially.

**82.** Thus, by marking and continuing to mark articles with the '622 Patent without a reasonable belief that such articles were covered by the patents, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## **PRAYER FOR RELIEF**

WHEREFORE, Relator prays that this Court enter judgment in her favor and against Defendant as follows:

A. Entering an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292;

B. Order Defendant to pay a civil monetary fine of $500 per false marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States;

C. Order Defendant to provide an accounting for any falsely marked products not presented at trial and a monetary award set by the Court for such falsely marked articles;

D. Order Defendant to pay all costs of this action, including attorneys' fees and all available interest; and,

E. Grant Relator any such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

 /s/  Judy L. Cates
JUDY L. CATES # 00414743
*The Cates Law Firm, L.L.C.*
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone: (618) 277-3644
Facsimile: (618) 277-7882
E-mail: jcates@cateslaw.com

**Attorney for Relator, Kathy Bradley**