IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATHY BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 3:10-cv-00433-DRH-CJP |
| | ) |
| L'OREAL USA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT L'OREAL USA, INC.'S
MOTION TO DISMISS**

I.  **Introduction and Summary of Argument**

Plaintiff Kathy Bradley ("Bradley") has sued defendant L'Oréal USA, Inc. ("L'Oréal") for false patent marking under 35 U.S.C. § 292. Bradley's complaint lacks a number of legal prerequisites and required factual allegations, and is duplicative of multiple earlier-filed actions, thus it should be dismissed. Specifically:

*Bradley's allegations duplicate those made in earlier-filed lawsuits.* Every one of Bradley's allegations of false marking parrots allegations made by similar *qui tam* plaintiffs in cases filed months prior. The false marking provisions of 35 U.S.C. § 292 only allow for one fine per false marking, and because the allegations of Bradley's complaint are identical to those set forth in earlier-filed complaints, Bradley's entire complaint should be dismissed pursuant to the first-to-file rule.

*Bradley lacks Article III standing.* The mere fact that Bradley is bringing suit as a *qui tam* plaintiff does not allow her to circumvent the constitutional requirement of standing. Bradley has failed to plead any cognizable injury in fact stemming from L'Oréal's alleged false marking. As such, Bradley has failed to set forth an adequate basis for standing that would

1

afford this Court subject matter jurisdiction, and dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is compelled.

*Bradley has failed to sufficiently plead fraud with specificity.* As Bradley's allegations under 35 U.S.C. § 292 include a requirement to prove "intent to deceive the public," they sound in fraud, and are thus subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). Bradley's allegations fall short of alleging the factual basis required by Rule 9(b), thus the complaint against L'Oréal should be dismissed.

II.   **Statement of Facts**

On June 14, 2010, Bradley filed the instant complaint. (Doc. No. 2.) The complaint has no original content. Every product and patent named in Bradley's suit was the subject of at least one previously filed false patent marking complaint against L'Oréal or a L'Oréal-affiliated company.[1] In short, Bradley made no unique claims that had not already been brought by a qui tam plaintiff under 35 U.S.C. § 292.

---

[1] On February 26, 2010, Thomas Simonian ("Simonian") filed suit against L'Oréal and L'Oréal USA Creative, Inc. ("L'Oréal Creative") for false marking under 35 U.S.C. § 292. Declaration of Geoffrey A. Zelley ("Zelley Decl.") at Ex. A. Simonian alleged that Double Extend Mascara was falsely marked with expired patent numbers. *Id.* at ¶ 19. On March 5, 2010, San Francisco Technology Inc. ("SFTI") filed suit against twenty-one different Defendants, including Maybelline LLC ("Maybelline") for alleged false marking under 35 U.S.C. § 292. (Zelley Decl. Ex. B). SFTI's claims against Maybelline have since been transferred to the Southern District of New York. 2010 WL 2943537 (N.D. Cal. July 26, 2010). SFTI's complaint alleged false marking of U.S. Patents No. 4,871,536 ("the '536 patent"); 4,887,622 ("the '622 patent"); 4,898,193 ("the '193 patent"); and 4,993,440 ("the '440 patent") on various mascara products, including Volume Express Color 221. Zelley Decl. Ex. B at ¶¶ 100-101. On March 11, 2010, Simonian filed a lawsuit against Maybelline for false marking of patents in violation of 35 U.S.C. § 292. (Zelley Decl. Ex. C). The complaint alleges that Maybelline sold mascara products bearing at least one of four separate patents that had expired. Named products included Volume Express color 221, which was alleged to be falsely marked with expired patent numbers 4,887,622, 4,871,536, 4,898,193, and 4,993,440. *Id.* at ¶ 19. On April 23, 2010, Heathcote Holdings Co., Inc. ("Heathcote") filed suit against L'Oréal and Maybelline for false marking under 35 U.S.C. § 292 (Zelley Decl. Ex. D). Heathcote accused L'Oréal and Maybelline of falsely marking Turbo Volume Express color 251 with at least one of four different expired patent numbers, of marking Volume Express color 221 with at least one of four different expired patent numbers, and of marking Full n' Soft color 301 with expired patent 4,887,622. *Id.*

In addition, Bradley's complaint fails to set forth a cognizable injury in fact, to either the public or to Bradley herself, tied to L'Oréal's alleged mismarking. The closest the complaint comes is a series of speculative injuries that *could* arise due to the mismarking of a product with a false patent marking. *Id.* at ¶ 11. Bradley further speculates that the alleged marking "is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products." *Id.* at ¶35. Bradley further alleges an ill-defined injury to the "public interest" or "the sovereign interests of the United States." *Id.* at ¶37. The complaint further alleges without factual support that "Defendant has benefitted [sic] commercially and financially." *Id.* at ¶ 36. Nowhere is an actual injury to either to the public, the industry, or Bradley herself alleged beyond speculation.

Bradley, in her complaint, further generally (and vaguely) alleges an intent to deceive the public. She never alleges specific facts showing this fraudulent intent, and instead only pleads "upon information and belief":

- "Upon information and belief, as a sophisticated business entity, Defendant knows or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292." ¶28.

- "Defendant knows, or reasonably should have known, that the purpose of marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product." ¶32.

- "Upon information and belief, Defendant knew, or reasonably should have known, that the articles it marked and continues to mark with the '536, the '622, the '193 and the '440 Patents are not covered by the expired patents marked on its product because expired patents have no monopoly rights." ¶33.

- "Upon information and belief, Defendant has marked and continues to mark its products with the '536, the '622, the '193, and the '440 Patents for the purpose of deceiving the public into believing that its products are covered by the '536, the '622, the '193 and the '440 Patents. Upon information and belief, Defendant intentionally included the '536, the '622, the '193 and the '440 Patents on its products in an attempt to prevent competitors from making and selling the same or similar or competing products." ¶34.

No other facts are set forth in the complaint on which to base these conclusory statements made "upon information and belief."

III.     Argument

      A. As All of Bradley's Allegations Are Duplications of Those Raised Months Earlier by Other Plaintiffs, Her Complaint Should Be Dismissed Under the "First-to-File Rule"

The "first-to-file rule" states that "[w]hen two similar actions are filed, the general rule favors the forum of the first-filed suit." *Schwarz v. National Van Lines, Inc.*, 317 F.Supp.2d 829, 832-33 (N.D. Ill. 2004) (citation omitted). Where a federal suit is duplicative of a parallel federal suit pending in another court, dismissal is proper "for reasons of wise judicial administration." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). "[A] suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Id.* (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). While "[t]he Federal Circuit has not expressly stated a view as to whether, in patent cases, the first-to-file rule applies only where the concurrent actions at issue involve identical parties, . . . courts . . . have found no requirement that the parties in the concurrent actions be the same in order for the first-to-file rule to apply." *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 408-09 (E.D. Pa. 2008).

It is indisputable that the complaints filed by Simonian (two complaints, against L'Oréal and Maybelline), SFTI, and Heathcote were filed prior to Bradley's filing against L'Oréal in the present suit. In fact, each of those complaints was filed months prior to Bradley's filing, giving her ample opportunity to discover that she was merely parroting claims that had already been made by other *qui tam* plaintiffs. Indeed, it appears that Bradley (or her counsel) merely obtained copies of the earlier-filed complaints, copied them, combined them, and filed them in this Court. As set forth above, every product alleged to be falsely marked in Bradley's complaint

4

was subject of at least one of the earlier filed complaints. Further, every patent that is named in Bradley's complaint was named in at least one of the earlier filed complaints. There is nothing unique about the claims brought by Bradley against L'Oréal. As a result, the claims presented by the complaints "do not significantly differ between the ... actions." *Ridge Gold*, 572 F. Supp. at 1213.

In addition, because the instant case and all of the earlier filed cases are *qui tam* cases, the beneficiary plaintiffs are identical—*the United States*. Bradley brought suit against L'Oréal pursuant to 35 U.S.C. § 292(b), which states that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292. "*[Q]ui tam* actions reward private parties for successfully bringing suit on behalf of the government." *SKF USA, Inc. v. U.S. Customs and Border Protection*, 556 F.3d 1337, 1356 (Fed. Cir. 2009). Bradley has brought suit as a *qui tam* plaintiff under 35 U.S.C. § 292. All of the earlier-filed suits were also filed as 35 U.S.C. § 292 *qui tam* actions. Therefore, all of the suits were brought by plaintiffs acting on behalf of the U.S. government. Further, while Simonian's suit against Maybelline and SFTI's suit named Maybelline as opposed to L'Oréal, Maybelline is simply a subsidiary of L'Oréal. *See* Declaration of Laura Hastings, which is incorporated herein as though a part hereof ("Hastings Decl.") at ¶ 3. As a result, the parties "do not significantly differ between the two actions." *Ridge Gold*, 572 F.Supp. at 1213.

Finally, as Bradley and the earlier-filed plaintiffs bring suit pursuant to 35 U.S.C. § 292, they are also both seeking the same monetary relief, namely a fine of "not more than $500 for each offense." 35 U.S.C. § 292(a). As a result, the "claims, parties, and available relief do not significantly differ between the ... actions," thus the cases are duplicative. *Ridge Gold*, 572 F. Supp. at 1213.

"Wise judicial administration" favors dismissal of Bradley's complaint against L'Oréal. L'Oréal should not have to defend itself against identical complaints in parallel proceedings in New York, the Northern District of Illinois, and the Southern District of Illinois, particularly as all complaints are brought by *qui tam* plaintiffs on behalf of the government, plaintiffs who have alleged no injury in fact to themselves or to any particular industry or company. Other *qui tam* statutes have recognized the problem of potential for duplicative suits and have included language that prevents a second plaintiff from bringing suit. *See U.S. ex rel. Batty v. Amerigroup Illinois, Inc.*, 528 F. Supp. 2d 861, 872 (N.D. Ill. 2007) ("Because of the danger of abuse of the *qui tam* device by opportunistic individuals seeking a windfall, Congress has enacted certain provisions that limit the Court's jurisdiction over *qui tam* actions. Applicable to this case are the first-to-file bar, 31 U.S.C. § 3730(b)(5), and the government-action bar, 31 U.S.C. § 3730(e)(3).") The same potential issues are present in this case. Therefore, "wise judicial administration" favors granting dismissal of Bradley's duplicative claims against L'Oréal.

The Northern District of Illinois has already recognized that "the false marking statute contains no provision allowing for multiple private plaintiffs to share in a recovery. Rather, it contemplates only a single action brought by a private individual on behalf of the United States." *Simonian v. Quigley Corp.*, 2010 WL 2837180, *2 (N.D. Ill. July 19, 2010) (holding that the second-filed case should be dismissed). As in the present case, that case involved claims of false marking under 35 U.S.C. § 292 brought by a *qui tam* relator, with overlapping marking claims to an earlier filed suit. In that case, the earlier filed suit was filed only a few hours prior. There are no substantive differences between *Quigley* and the present case, and just as in that case, the present suit should be dismissed.

## B. The Court Should Dismiss Bradley's Complaint Under 12(b)(1) Due to the Absence of Subject Matter Jurisdiction

All plaintiffs, including *qui tam* relators, must have Article III standing in order for a court to exercise subject matter jurisdiction. *Vermont Agency of Nat'l Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Article III standing is "the most basic doctrinal principle," as the Constitution restricts federal judicial power to those cases exhibiting a real case or controversy. *Spring Commc'ns Co. v. APCC Servs., Inc.*, --- U.S. ---, 128 S. Ct. 2531, 2535 (2008). "[T]here must be alleged (and ultimately proved) an 'injury in fact'—a harm suffered by plaintiff that is 'concrete and particularized' and actual or imminent, not 'conjectural' or 'hypothetical.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998). An injury in fact is the "hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1152 (2009). Causation must also exist, that is, "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant," as must redressability. *Steel Co.*, 523 U.S. at 103. The injury in fact must be "concrete and actual or imminent" and cannot be "conjectural or hypothetical." *Vermont Agency*, 529 U.S. at 771. "These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement, and a key factor in dividing the power of government between the courts and the two political branches." *Vermont Agency*, 529 U.S. at 771. Where a plaintiff fails to present sufficient facts to show an injury in fact, the complaint must be dismissed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A *qui tam* plaintiff has standing to sue "only insofar as the 'claim' deemed to be assigned meets constitutional standing requirements." *Stauffer v. Brooks Bros., Inc.*, 615 F. Supp.2d 248,

7

255 (S.D.N.Y. 2009) (citing *Vermont Agency of Nat'l Res.*, 529 U.S. at 771). "By its terms, the statute seeks to protect the public not simply from false marking of unpatented articles but instead from false marking that is fraudulent, deceptive, and intentional. *Id.* at 254 (citations omitted). Therefore, the actionable injury necessary for standing has to be "an injury to [the government] or to the public stemming from fraudulent or deceptive false marking." *Id.*

For false marking actions under 35 U.S.C.§ 292, a plaintiff must plead an actual or imminent injury to himself, the federal government, or the public as a result of marking "with an intent to deceive the public." *Id.* at 255. In *Stauffer*, the plaintiff brought suit pursuant to 35 U.S.C. § 292 against Brooks Brothers, Inc., based on the marking of expired patents on bow ties. Stauffer's sole allegations of injury were that the marking "wrongfully quelled competition with respect to such bow tie products thereby causing harm to the economy of the United States" and that the defendants "likely benefited in at least maintaining their considerable market share." *Id.* at 252 (citing Dkt. 1 ¶¶ 129-130). The court in *Stauffer* held that the statements set forth in the complaint were "insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Stauffer*, 615 F. Supp. 2d at 255. The court further stated: "That some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendants' conduct, is purely speculative and plainly insufficient to support standing." *Id.* The court ultimately concluded that Stauffer's complaint "fails to allege with any specificity an actual injury to any individual competitor, to the market for bow ties, or to any aspect of the United States economy." *Id.* Accordingly, the court dismissed the complaint. *Id.*

The facts in the instant case are virtually identical to those in the *Stauffer* case, and the same result should follow. Both cases involve individuals bringing suit pursuant to 35 U.S.C. §

8

292 for alleged marking of expired patents. The allegations made by the plaintiff in *Stauffer* were indeed *more extensive* than those made by Bradley in the instant case regarding injury in fact. Stauffer alleged that the Defendants have "likely benefitted [sic] in at least maintaining [their] considerable market share." *Stauffer*, 615 F. Supp.2d at 252 (citing Dkt. 1 at ¶ 129-30). Bradley's complaint alleges only that "Defendant has benefitted commercially and financially." (Doc. No. 2 at ¶ 36.) Both complaints include an allegation that the marking "is likely to, or at least has the potential to, discourage or deter persons and companies from" making or selling/commercializing competing products. *Id.* at ¶ 35; *Stauffer*, 615 F. Supp. 2d at 252 (citing Dkt. 1 at ¶¶ 128, 130). As such, Bradley has, at best, only alleged facts equal to what Stauffer alleged in his complaint. These assertions "are insufficient to establish anything more than the sort of 'conjectural or hypothetical' harm that the Supreme Court instructs is insufficient." *Stauffer*, 615 F. Supp.2d at 255.

The Southern District of New York is not alone in finding that these base assertions are insufficient to establish standing for third party *qui tam* plaintiffs in false marking cases. In the recently decided *U.S. ex rel. FLFMC v. Wham-O, Inc.*, the Western District of Pennsylvania similarly held that a *qui tam* false marking plaintiff did not have standing without an asserted concrete injury. No. 2:10-cv-00435-AJS (W.D.Pa. August 3, 2010) (Zelley Decl. Ex. E). "This Court aligns itself with the *Brooks Brothers* decision, however, and holds that (1) the government cannot assign a purely "sovereign injury," and (2) even if the government could assign a "sovereign injury," plaintiff's complaint does not and cannot establish a concrete injury-in-fact." *Id.; see also Shizzle Pop, LLC v. Aviva Sports, Inc.*, No. cv 10-02574 RGK (SSx), (C.D. Cal. August 5, 2010) (Zelley Decl. Ex. F) ("Plaintiff fails to allege *any* cognizable injury to the United States or the public, much less adequate factual pleadings to support a concrete,

9

particularized injury that is actual or imminent.") (emphasis in original). There are no relevant differences between the alleged facts in Bradley's complaint and those in *Stauffer* or *FLFMC*. Accordingly, the present case should be dismissed, as Bradley does not have standing to bring suit under Article III of the United States Constitution.

      B.     **The Court Should Dismiss Bradley's Complaint Under Fed. R. Civ. P. 12(b)(6) for Failing to Sufficiently Plead Pursuant to Fed. R. Civ. P. 9(b)**

In all claims based on fraud, "the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). A plaintiff alleging fraud must plead the "who, what, when, where, and how" of the alleged fraud. *Neathery v. Rench*, 2010 WL 2803984 (S.D. Ill. July 15, 2010) (Ex. B) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008))[2]. "The circumstances of fraud include the "identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

It is generally insufficient to plead the circumstances constituting fraud with particularity by pleading those circumstances on "information and belief." *Harrison Wells Partners, LLC v. Chieftain Const. Holdings, Ltd.*, 2009 WL 3010847, *3 (N.D. Ill. Sept. 16, 2009) (citing *Bankers Trust*, 959 F.2d 677, 684 (7th Cir. 1994)). Where "the facts [were] inaccessible to plaintiff, . . . he [has] to plead the grounds for his suspicions." *Bankers Trust*, 959 F.2d at 684. *See also Uni\*Quality*, 974 F.2d 918, 924 (7th Cir. 1992) ("[A]llegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the

---

[2] The Federal Circuit has followed the lead of the Seventh Circuit regarding the pleading of fraud-based claims stating: "As the Seventh Circuit has held, the 'circumstances' in Rule 9(b) must be set forth with 'particularity,' i.e., they 'must be pleaded in detail'-'[t]his means the who, what, when, where, and how' of the alleged fraud." *Exergen v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009) (quoting *DiLeo*, 901 F.2d at 627).

grounds for his suspicions."). "[C]laims that are based on 'a course of fraudulent conduct,' are subject to the heightened pleading standard of Rule 9(b)." *In re Yasmin and Yaz Marketing, Sales Practices and Products Liability*, 2010 WL 747497, *8 (S.D. Ill. Feb. 26, 2010) (quoting *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)). Where a case "sounds in fraud," it is subject to the heightened pleading requirements of Rule 9(b). *Neathery v. Rench*, 2010 WL 2803984, *3 (S.D. Ill. July 15, 2010).

"[T]he Rule 9(b) pleading standard applies to [qui tam plaintiff's] false marking claim." *Simonian v. Cisco Systems, Inc.*, no. 10-cv-1306, 2010 WL 2523211 at *3 (N.D. Ill. June 17, 2010); *see also Juniper Networks v. Shipley*, 2009 WL 1381873, *4 (N.D. Cal. May 14, 2009) ("The false marking statute is a fraud-based claim, which is subject to the pleading requirements of 9(b).") "A claim for false marking fails absent evidence of an actual intent to deceive." *FMC*, 369 F.Supp. 2d 539, 584 (E.D. Pa. 2005). A dismissal for failure to comply with the heightened pleading requirements of Rule 9(b) is properly a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Melicio v. Kia Motors Corp.*, 2005 WL 3005609 (N.D. Ill. 2005) (granting a motion to dismiss under Rule 12(b)(6) for failing the heightened pleading requirements of Rule 9(b)).

Pleadings for intent to deceive the public "must 'allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Simonian v. Cisco*, 2010 WL 2523211 at *3 (quoting *Exergen*, 575 F.3d at 1327). Merely pleading that a false marking defendant is "a sophisticated company" with a lot of experience in prosecuting and litigating patents is insufficient to meet the requirements of Rule 9(b), as it does not show specific facts that demonstrate the defendant's "knowledge of the mismarking or … intent to deceive the public." *Id*. Pleadings that allege only that "(1) Defendant knows that

11

patents have limited duration; (2) the patents at issue expired; and (3) Defendant continued to mark its products with those patents after expiration . . . do not sufficiently articulate knowledge of falsity or intent to deceive because Defendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that Defendant knew that the patents at issue actually expired." *Hollander v. Etymotic Research, Inc.*, 2010 WL 2813015 at *6 (E.D. Pa. July 14, 2010). Further, "allegations based on information and belief are insufficient under Rule 9(b) where Plaintiff has failed to set forth specific facts upon which such belief is reasonably based." *Id.*

Bradley clearly failed to meet her burden under the heightened pleading requirements of 9(b), and thus the complaint should be dismissed for failure to state a claim under Rule 12(b)(6). A violation of the false marking statute only occurs where the marking is made "with intent to deceive the public." 35 U.S.C. § 292. Bradley's entire pleading regarding the requisite fraudulent intent are pled through conclusory statements pled "upon information and belief." Nowhere does Bradley plead the "who, what, when, where, and how" required by Fed. R. Civ. P. 9(b). *Neathery v. Rench*, 2010 WL 2803984. Specifically, Bradley alleges that "Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and litigation of patents in the United States." (Doc. 2 at ¶ 24.) Bradley further alleges that "Defendant knows, or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292." *Id.* at ¶ 28. Bradley never alleges beyond these statements the necessary knowledge within an individual at L'Oréal to form the requisite intent required by 35 U.S.C. § 292. All allegations pertaining to the knowledge and intent of L'Oréal are pled "upon information and belief," and are based on an assertion that L'Oréal "should have known" the status of the patents alleged to be expired. These allegations are nearly identical to those that

12

were at issue (and were rejected) in *Simonian* and *Hollander*. As such, the complaint does not meet the requirements set forth in Rule 9(b), and it should be dismissed under Rule 12(b)(6).

In another factually similar situation, a district court recently dismissed similar pleadings as insufficient to meet even the lower pleading requirements of Federal Rule of Civil Procedure 8(a). *Brinkmeier v. Graco Children's Prods. Inc.,* 2010 WL 545896 (D. Del. Feb. 16, 2010). The plaintiff in *Brinkmeier* had alleged that the defendant "knows, or should know" that products have been falsely marked, basing her allegations on the fact that defendant had an intellectual property manager who "cannot have any reasonable belief that such products are protected by such patents." *Id.* The plaintiff stated, in conclusory fashion, that the marking was "for the purpose of deceiving the public." *Id.* The court rejected the claims for failing to state a claim under the default pleading standards of Rule 8(a). "These allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the 'mere labels and conclusions' prohibited by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). *Id.*

The allegations set forth in Bradley's complaint are no better than those in *Brinkmeier*. Both complaints rest upon the same generalized statements of intent based solely on "information and belief." As such, as in *Brinkmeier*, Bradley's complaint against L'Oréal should be dismissed.

    E.    **Dismissal Should Be Entered Without Leave to Amend**

Because it is not possible for Bradley to amend her complaint in such a way that it would comport with the requirements of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), dismissal of her complaint should be without leave to file an amended complaint. "Even though Rule 15(a) provides that 'leave shall be freely given when justice so requires,' Fed. R. Civ. P.

15(a), a district court may deny leave to amend for undue delay, bad faith, dilatory motive, prejudice, or futility." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (citations omitted). "Futility" is established where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "This standard is the same standard of legal sufficiency that applies under Rule 12(b)(6)." *General Electric*, 128 F.3d at 1085.

Dismissal without leave in this case is proper because any amendment of the complaint would be futile. Bradley cannot plead an injury in fact, as there is no indication that she has personally suffered an injury due to L'Oréal's alleged marking. Further, Bradley's pleadings do not hint that there is or could even potentially be a quantifiable injury to the public or the economy of the United States as a result of L'Oréal's alleged marking. Bradley also did not allege any competitive harm as a result of L'Oréal's alleged marking. As such, it is impossible for Bradley to amend his complaint in such a way that there is a cognizable injury in fact as required by Article III standing requirements.

It is further impossible for Bradley to amend her complaint in such a way to evade the basic injury in fact requirement. Abstract harms such as "injury to the interest in seeing that the law is obeyed" are not sufficient to bring a case within the requirements of Article III standing. *Federal Electrion Comm'n v. Akins*, 524 U.S. 11, 24 (1998); *see also Lance v. Coffman*, 549 U.S. 437, 442 (2007) (that the law "has not been followed" is "precisely the kind of undifferentiated, generalized grievance . . . that we have refused to countenance in the past"); *Lujan*, 504 U.S. at 573-74 ("[H]arm to . . . every citizen's interest in proper application of the Constitution and laws…does not state an Article III case or controversy."). Similarly, the government's interest in seeing its laws upheld is not an assignable concrete injury. *Stauffer*,

615 F. Supp. 2d at 254 n.5. Therefore, it would be futile to allow Bradley to amend her complaint in an attempt to give the Court subject matter jurisdiction under Rule 12(b)(1).

Finally, it would be futile to allow Bradley to amend her complaint in an attempt to adequately state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) in light of the heightened pleading requirements of Rule 9(b). Nothing from Bradley's complaint gives any indication that she is in a position to be able to plead those factors.

## IV.  Conclusion

For the reasons stated above, Bradley's complaint against L'Oréal should be dismissed without leave to file an amended complaint.

Dated: August 12, 2010

/s/ Francis DiGiovanni

Francis DiGiovanni
Geoffrey A. Zelley
Connolly Bove Lodge & Hutz LLP
1007 N. Orange Street
Wilmington, Delaware 19899
Ph: (302) 658-9141
fdigiovanni@cblh.com
gzelley@cblh.com

Frederick J. Hess (#01204378)
Lewis, Rice & Fingersh, L.L.C.
325 South High Street
Belleville, Illinois  62220
618.234.8636
fhess@lewisrice.com

*Attorneys for Defendant L'Oréal USA, Inc.*

## CERTIFICATE OF SERVICE

I certify that notice of electronic filing of the foregoing document was filed electronically with the Clerk of the Court on August 12, 2010, to be served by operation of the Court's electronic filing system.

By: <u>*/s/ Francis DiGiovanni*</u>
Francis DiGiovanni
