IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KATHY BRADLEY,

    Plaintiff,

v.

L'OREAL USA, INC.,

    Defendant.                              Case No. 10-cv-433-DRH

## MEMORANDUM & ORDER

HERNDON, Chief Judge:

### I. Introduction

Before the Court is defendant L'Oreal USA, Inc.'s ("L'Oreal") Alternative Motion to Stay Pending the Appellate Decision in a Dispositive Case (Doc. 23). Defendant asks that this case be stayed pending the resolution in the United States Court of Appeals for the Federal Circuit of *Stauffer v. Brooks Brothers, Inc.*, 2009-1428, -1430, -1454 ("*Stauffer*"). Defendant sets forth its legal arguments in a supporting memorandum (Doc. 24). Relator Kathy Bradley ("Bradley") has timely opposed the Motion (Doc. 27) and thus, it is ripe for determination.

Bradley brings this *qui tam* suit against L'Oreal pursuant to **35 U.S.C. § 292**, for false patent marking of its products: specifically, that several of its mascara make-up products allegedly bore expired patent numbers (Doc. 2). Among other pending motions, L'Oreal has filed a Motion to Dismiss, wherein one of the

issues is whether Bradley has actual Article III standing to bring such an action (Doc. 19). L'Oreal states that the *Stauffer* case, currently on appeal with the Federal Circuit, centers on this same issue and therefore, a stay of this case to await the *Stauffer* appellate opinion will serve to simplify the issues before the Court and will not prejudice Bradley (Doc. 24). In response, Bradley argues that a stay will be prejudicial, as it will be for an indeterminate amount of time, will not simplify the issues before the Court nor reduce the burden of litigation on the Parties (Doc. 27). Based on the Court's analysis of the matter herein, it finds that a stay is warranted.

## II. Discussion

### A. Legal Standard

A movant does not have an absolute right to a stay. Instead, the movant bears the burden of proof to show that the Court should exercise its discretion in staying the case. **Indiana State Police Pension Trust v. Chrysler, LLC, — U.S.—, 129 S. Ct. 2275, 2277 (2009)**. "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " **Walker v. Merck & Co., Inc.**, No. 05-cv-360-DRH, 2005 WL 1565839 at *2 (S.D. Ill. June 22, 2005) (Herndon, J.) (citing **Landis v. North American Co., 299 U.S. 248, 254 (1936)**). "In considering a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." **Id. (citation omitted)**. "A district court may stay proceedings even where subject

matter is uncertain." *Id.* However, the stay should not be for one of "indefinite duration" absent a pressing need. ***Landis*, 299 U.S. at 255**.

**B.   Analysis**

    **1.   Interest of Judicial Economy**

L'Oreal argues that because the same standing issue is to likely be addressed on appeal in *Stauffer*, the Federal Circuit's opinion will serve to simplify the issues in this case. Further, L'Oreal notes that because oral argument in *Stauffer* already took place several weeks ago, on August 3, 2010, a decision can be expected to issue in the next few months. Therefore, L'Oreal claims that this brief stay will only serve to prevent considerable waste of both the Court's and the Parties' resources in briefing, arguing, and determining pending and future motions. Bradley contends that any imposed stay will not be of a short duration, claiming that a decision by the Federal Circuit in *Stauffer* will almost certainly lead to a petition for rehearing *en banc* or else a petition for a *writ of certiorari*, thus a final decision on *Stauffer* could take years. Such an indefinite stay, Bradley argues, will only increase the likelihood that evidence will be lost, including the ability of witnesses to recall facts and the preservation of relevant documents.

At issue in this case is whether Bradley, as a *qui tam* relator, has standing to bring suit under **35 U.S.C. § 292** when her allegations fail to allege a cognizable injury in fact to either the United States or to the public that has been assigned to her by the government. In other words, L'Oreal argues that Bradley's

claim is too "conjectural or hypothetical" in nature to suffice for Article III standing (*see* Doc. 20 - Memorandum in Support of L'Oreal's Motion to Dismiss, p. 8).

If a party does not have standing to bring a suit, the Court will thus lack subject matter jurisdiction over said suit and the case must be dismissed. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Further, the Court of Appeals for the Federal Circuit has exclusive jurisdiction on all appeals involving patents and therefore the decision in *Stauffer* will serve as binding precedent on this Court regarding the instant suit. ***See* 28 U.S.C. § 1295(a); *see also Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) ("We apply Federal Circuit law to patent issues in order to serve one of the principal purposes for the creation of this court: to promote uniformity in the law with regard to subject matter within our exclusive appellate jurisdiction.")**.

As such, the Court finds that because it is likely that the Federal Circuit will issue its opinion regarding the appeal in *Stauffer* in the near future, the Court finds the anticipated duration of the stay will not be indefinite. The Court will not, however, elect to stay this case past the issuance of the opinion from the Federal Circuit, such as waiting for a constitutional resolution by the United States Supreme Court. Therefore, because the Court will not stay the case for an indefinite duration, Bradley's arguments regarding the possibility that evidence will become lost bear little weight at the moment. Because the *Stauffer* case will likely aid in rendering a determination as to the standing issue in this case, a brief stay will be prudent and in the interest of judicial economy.

### 2. Prejudice or Hardship

L'Oreal also asserts that Bradley will not be prejudiced by a brief stay because this case was just filed on June 14, 2010 – there has not even been a scheduling order entered yet. Therefore, a short stay would not negatively affect a schedule for discovery and briefings because nothing is yet underway. In short, the status quo of the Parties would be preserved, should the Federal Circuit resolve the standing issue in a *qui tam* relator's favor. If, however, it is found that a party such as Bradley has no Article III standing, then a stay will have saved the Parties from beginning pretrial discovery and briefing, as this case will ultimately have to be dismissed for lack of subject matter jurisdiction. Further, L'Oreal notes that because the only damages Bradley is allowed to seek are statutory fines, she is not greatly prejudiced by a stay in such a way that she is not receiving the needed compensation

for her injuries (e.g., to pay off medical bills acquired due to a defendant's alleged liability).

Bradley argues that she would be prejudiced by a stay because it will provide L'Oreal with a tactical advantage by allowing more time for *qui tam* defendants, such as L'Oreal, to actively lobby Congress to retroactively eliminate the ability for *qui tam* relators to sue for violations of the false marking statute. In other words, Bradley believes a stay "would allow [L'Oreal] to focus its energy on seeking a legislative pardon for its bad acts" (Doc. 27, p. 6). In addition, Bradley claims that a stay would prolong the "period of uncertainty" for a would-be mascara manufacturer wishing to make products similar to L'Oreal's mascara products, but fearing the prospect of a patent infringement suit. Lastly, Bradley argues that prior Federal Circuit opinions evince that she does have standing as a *qui tam* relator to bring this suit and therefore, a stay is unnecessary.

The Court finds Bradley's grounds possess little merit. First, the stay will not be of such a duration that it will likely provide L'Oreal with much tactical advantage to lobby Congress for an amendment to the statute. The Court does not assume that the stay of more than several months' duration will be necessary. Assuming that the Court did *not* stay this case and instead, it proceeded on the merits with an end result favorable to Bradley, that process would last more than a few months (and that is not even considering the time it would take the appellate process that would likely ensue). That would afford L'Oreal the same amount of time or more to actively lobby Congress – the Court finds that a stay would not accelerate

this possibility nor would it more likely increase the chances that Congress would approve the retroactive amendment to the false marking statute.

Regarding the "period of uncertainty" for the potentially infringing mascara manufacturers, this suit is not brought for the purposes of declaring patent invalidity. Even if the patents at issue in this suit are expired, this suit by itself should not serve as a means for determining whether a patent is active. If a manufacturer believes it may be infringing upon a patent, that is a matter should take up with its counsel. If the manufacturer believed it could use patents that are expired, currently exhibited on L'Oreal mascara products as Bradley alleges, again, the manufacturer may elect to run a patent check or search to see if those patents are, in fact, expired. It could also look into licensing the use of the patents. In other words, there are far more sophisticated ways of getting information regarding the patents at issue in this case other than by simply knowing the *outcome* of this case. Therefore, the notion that a relatively short stay in this case will cause the would-be mascara manufacturers of the world to be greatly prejudiced is not viable.

Lastly, Bradley attempts to argue that recent opinions out of the Federal Circuit indicate she does have Article III standing in this case. The Court has reviewed both cases Bradley cites: **Pequignot v. Solo Cup Co., 608 F.3d 1356 (Fed. Cir. 2010)** and **Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295 (Fed. Cir. 2009)**. However, the Court is not prepared to make such an interpretation herein when the precise issue will likely be determined within the following months

by the Federal Circuit in *Stauffer*.

### III. Conclusion

As discussed, because the Court finds that a stay of short duration in order to await a decision the Federal Circuit regarding the appeal in *Stauffer* would be in the interest of judicial economy and would not place undue burden or great prejudice upon the Parties, L'Oreal's Alternative Motion to Stay Pending the Appellate Decision in a Dispositive Case (Doc. 23) is **GRANTED**. Accordingly, this matter is hereby **STAYED** until such time that a decision from the Federal Circuit appellate court is issued in the *Stauffer* case (as described herein). At such time, either of the Parties may move to lift the stay, or the Court may lift the stay *sua sponte*.[1]

**IT IS SO ORDERED.**

Signed this 30th day of August, 2010.

/s/    David R Herndon

**Chief Judge**
**United States District Court**

---

[1] So, too, may there be cause to lift the stay if the pending issuance of the Federal Circuit's decision takes more time that the Court feels is reasonable to continue the stay in this case or for any other compelling reason.